IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY ROGER BAISDEN, II, #298382, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15-CV-550-WKW |
| ) | |
| CORIZON HEALTH SERVICES and ) | |
| NURSE THOMPSON, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Larry Roger Baisden, II ("Baisden"), a state inmate currently incarcerated at the Staton Correctional Facility ("Staton"). In the instant complaint, Baisden challenges the adequacy of medical treatment provided to him for an injury to his left ear suffered on June 6, 2015. *Compl. - Doc. No. 1* at 2.[1] On August 12, 2015, the plaintiff filed a motion for preliminary injunction in which he requests that correctional officials be precluded from transferring him to another facility and that the defendants refrain from any retaliatory act against him. *Doc. No. 6* at 1.[2]

---

[1] The court is currently awaiting payment of an initial partial filing fee from the plaintiff. *See Order of August 4, 2015 - Doc. No. 3*.

[2] Baisden simultaneously filed a motion for temporary restraining order with the motion for preliminary injunction. Baisden seeks the same injunctive-type relief in each of these motions. The court previously denied the motion for temporary restraining order. *See Order of August 12, 2015 - Doc. No. 7*.

Upon review of the motion for preliminary injunction, the court concludes that this motion is due to be denied.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Baisden demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunctive relief may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306  *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim,

regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.'" *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1284 (11th Cir. 1990).).

### III.  DISCUSSION

A review of the complaint establishes that Baisden is allowed routine access to medical personnel for treatment of his ear.  In addition, Baisden acknowledges he has been examined and received medical treatment for the injury to his ear on several occasions. *Compl. - Doc. No. 1* at 2.  As a result of the examinations of Baisden, medical personnel have prescribed antibiotics and drops for treatment of his left ear and advised Baisden to rinse his ear with soap and water. *Id*.  Thus, the crux of the complaint is that Baisden disagrees with the course of treatment undertaken by Nurse Thompson under the direction of the on-site physician and maintains that he should be referred to  such physician or a free world specialist for examination and treatment of his ear. *Id*.  Generally, "whether government actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for

grounding liability under the Eighth Amendment." *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) ("A difference of opinion as to how a condition should be treated does not give rise to a constitutional violation."); *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) (mere fact inmate desires a different mode of medical treatment does not amount to deliberate indifference violative of the Constitution); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (prison medical personnel do not violate the Eighth Amendment simply because their opinions concerning medical treatment conflict with that of the inmate-patient).

In his motion for preliminary injunction, Baisden seeks an order from this court enjoining correctional officials from effectuating his transfer from Staton and requiring that no defendant retaliate against him. The latter request merely seeks relief directing the defendants to "obey the law" which is not the type of relief contemplated with respect to entry of a preliminary injunction.

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that under the circumstances of this case Baisden fails to demonstrate a substantial likelihood of success on the merits of his claim. Baisden likewise fails to establish a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. The third factor, balancing potential harm to the parties, weighs much more heavily in favor of the defendants as issuance of the requested injunction would adversely impact correctional officials in their ability to effectively manage the prison system by allowing inmates to dictate their place of incarceration and would likewise interfere with

medical personnel in rendering treatment to inmates pursuant to their professional judgment. Finally, the public interest element of the equation is, at best, a neutral factor at this juncture. Thus, Baisden has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 28, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*,

661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 14th day of August, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE