IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY ROGER BAISDEN, II, #298382, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:15-CV-550-WKW |
| ) | |
| CORIZON HEALTH SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Larry Roger Baisden, II, ("Baisden"), an indigent state inmate, in which he challenges the constitutionality of medical treatment provided to him at the Staton Correctional Facility ("Staton"). Specifically, Baisden alleges that prison medical personnel failed to provide him proper treatment for an injury to his left ear. Baisden names Corizon Health Services, the contract medical care provider to the Alabama Department of Corrections, and Nurse LaSherri Thomas, a Licensed Practical Nurse previously employed by Corizon, as defendants in this cause of action. The defendants filed special reports and supporting evidentiary materials, including affidavits and medical records, addressing the claims presented in the complaint. In these filings, the defendants deny they acted with deliberate indifference to Baisden's request for treatment of his left ear and, instead, maintain that Baisden received appropriate treatment from prison medical personnel in

addressing his complaints of left ear pain.  *Doc. No. 18-1 (Aff. of Darryl Ellis)* at 5-8.  The defendants further assert that the complaint is due to be dismissed because Baisden failed to exhaust an administrative remedy available to him through Corizon prior to filing this case.  *Special Report of Corizon - Doc. No. 18* at 10-12; *Special Report of LaSherri Thomas - Doc. No. 48* at 8-12.  The defendants base their exhaustion defense on Baisden's failure to appeal the two grievances submitted in which he references treatment for an injury to his left ear.  *Doc. No. 18-1 (Aff. of Darryl Ellis)* at 3 (emphasis in original) ("**During the course of his incarceration at Staton, Mr. Baisden submitted two Medical Grievances and no Medical Grievance Appeals**.").

Upon receipt of the defendants' special reports, the court issued an order providing Baisden an opportunity to file a response to the defendants' reports in which Baisden was specifically directed to "address the defendants' assertion that his claims challenging the treatment provided to him in June of 2015 for an alleged injury to his left ear are due to be dismissed because he failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) [prior to filing this federal civil action]." *Order of July 18, 2016 - Doc. No. 49* at 1 (footnote omitted).  The order also advised Baisden that his response should be supported by affidavits or statements made under penalty of perjury and/or other appropriate evidentiary materials.  *Id*. at 3.  In addition, the order cautioned Baisden that unless "<u>sufficient legal cause</u>" is shown within ten days of entry of this order "why such action should not be undertaken, the court may at any time [after expiration of the time for his filing a response] and <u>without further notice to the parties</u> (1) treat the

special reports and any supporting evidentiary materials as dispositive motions, and (2) after considering any response as allowed by this order, rule on the motions in accordance with the law." *Id*. at 4 (footnote omitted). Baisden filed no response to this order within the time prescribed by the court.

Pursuant to the aforementioned order, the court deems it appropriate to treat the reports filed by the defendants as motions to dismiss with respect to the exhaustion defense. Thus, this case is now pending on the defendants' motions to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *Trias v. Florida Dept. of Corrections*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that the district court properly construed Defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies[.]").

## II.  STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e as to exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id*. (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th

> Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before *filing* suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983."); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001) (emphasis in original). Furthermore, the law is well-settled that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Because exhaustion is mandated by the statute, [a federal court has] no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012). The court will therefore "resolve this issue first." *Id*.

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendant['s] versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to

have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant,* 530

F.3d at 1373-74).  If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.'  *Id*. (citing *Bryant*, 530 F.3d at 1373-74, 1376)." *Myles*, 476 F. App'x at 366.  Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing].  *See* [*Turner*, 541 F.3d at 1082].  The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record.  *Bryant*, 530 F.3d at 1376." *Trias*, 587 F. App'x at 535.  Based on the foregoing, the Eleventh Circuit specifically rejected the argument that "disputed facts as to exhaustion should be decided by a jury [or judge upon a trial/hearing]." *Id*.

 Upon review of the complaint, the defendants' special reports and the evidentiary materials filed in support thereof, the court concludes that the defendants' motions to dismiss are due to be granted.

### III.  DISCUSSION

Baisden challenges the constitutionality of medical treatment he received for an injury to his left ear in June of 2015.  In response to the complaint, the defendants deny Baisden's allegations and further argue that this case is subject to dismissal because Baisden failed to properly exhaust the administrative remedy provided by Corizon prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The PLRA compels proper exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander*, 159 F.3d at 1325; *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387. "Proper exhaustion demands compliance with an Agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would

turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. 548 U.S. at 83-84, 126 S.Ct. at 2382; *Bryant*, 530 F.3d at 1378 (citation omitted) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'"); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement); *Alexander*, 159 F.3d at 1326 (The sufficiency or adequacy of the administrative remedy has no bearing on the requirement that an inmate exhaust an available administrative remedy.). "**The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint**." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (per curiam) (emphasis added).

It is undisputed that Corizon provides an administrative remedy for inmate complaints in the form of an inmate grievance procedure. The defendants explain the grievance procedure and relevant facts as follows:

> . . . As part of this medical staff's orientation of inmates, inmates are provided a form entitled "ACCESS TO HEALTHCARE SERVICES" which . . . provides a detailed explanation of the grievance process. Mr. Baisden executed Access to Care forms dated March 2, 2015 and March 21, 2015 acknowledging his understanding of the process and procedures within the ADOC system including Staton.
> As evident from the fact that the Health Services Administrator (HSA) receives grievances from inmates at Staton, inmates at Staton are well-aware of and utilize the grievance process to voice a complaint regarding any medical treatment sought or received during their incarceration at Staton. The initial orientation process with the ADOC correctional system includes educating inmates as to the availability of the grievance process. The existence of this grievance procedure is well-known among the prison population, as indicated by the fact that the medical staff at Staton receives inmate requests and/or inmate grievances on a daily basis. The physicians, nurse practitioners, nurses and other medical personnel at Staton attempt to resolve all inmate concerns prior to an "inmate grievance" being submitted.
> The grievance process is initiated when an inmate submits a Medical Grievance form to the HSA through the institutional mail system. After reviewing the Medical Grievance, the HSA [or her designee] provides a written response [to the grievance] within approximately ten (10) days of receipt of the Inmate Grievance. The written response to a Medical Grievance is included on the bottom portion of the same form containing an inmate's Medical Grievance. Below the portion of the form designated for the "Response," the following notation appears:
>> IF YOU WISH TO APPEAL THIS REVIEW YOU MAY REQUEST A <u>GRIEVANCE APPEAL</u> FORM FROM THE HEALTH SERVICES ADMINISTRATOR. RETURN THE COMPLETED FORM TO THE ATTENTION OF THE HEALTH SERVICE ADMINISTRATOR. YOU MAY PLACE THE FORM IN THE SICK CALL REQUEST BOX OR GIVE IT TO THE SEGREGATION SICK CALL NURSE ON ROUNDS.
> As stated in the Medical Grievance forms, the second step of the grievance process involves the submission of a formal Medical Grievance Appeal, at which time the inmate may be brought in for one-on-one

>communication with the medical staff, the HSA [or the Director of Nursing]. A written response to a formal Medical Grievance Appeal is provided within approximately ten (10) days of receipt. Medical Grievance and Medical Grievance Appeal forms are available from the Health Care Unit and the correctional shift commander office at Staton. Inmates are instructed to place completed Medical Grievance and Medical Grievance Appeal forms in the sick call boxes located by the pill call room. The HSA reviews the grievances daily, provides a written response within approximately ten (10) days at the bottom of the form and returns a copy of the completed forms to the inmate. The HSA encourages inmates who have complaints about the medical care they have sought or received at Staton to utilize this grievance process. **During the course of his incarceration at Staton, Mr. Baisden submitted two Medical Grievances and no Medical Grievance Appeals**.

*Doc. No. 18-1 (Aff. of Darryl Ellis)* at 2-3 (citations to medical records and paragraph numbering omitted).

It is undisputed that Baisden did not appeal the responses provided to either of his grievances as permitted by the applicable grievance procedure *prior* to filing this cause of action. Thus, the court concludes that Baisden failed to properly exhaust an administrative remedy available to him before seeking federal relief, a precondition to proceeding in this court on his claims.

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion to dismiss be GRANTED to the extent the defendants seek dismissal of this case due to the plaintiff's failure to properly exhaust an administrative remedy available to him at the Staton Correctional Facility prior to initiating this cause of action.

2. This case be dismissed without prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to properly exhaust an administrative remedy before seeking relief from this court.

3. No costs be taxed herein.

The parties may file objections to the Recommendation on or before November 4, 2016. The objecting party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. The parties are advised that frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 20th day of October, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE